## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**DaVaughn D. Reid, Sr.**, Plaintiff

**5106 Gifford Ave.** 44144 cleveland ohio

v.

**Nor-Am Cold Storage, Inc.**, Defendant

**FILED**

MAR 0 4 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# 1:26 CV 00528

# JUDGE POLSTER

## MAG JUDGE ARMSTRONG

2797 east 75th Cleveland ohio 44108
#2.)Headquaters address: LeMars, IA 801 6th St. S.W. LeMars, IA 51031 United States Phone:
(712) 546-4489 https://www.nor-am.com

# FEDERAL CIVIL COMPLAINT AND JURY DEMAND

Plaintiff DaVaughn D. Reid, Sr., proceeding pro se; waiting granting of court ordered Attorney, brings this civil action against Defendant Nor-Am Cold Storage, Inc., for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.
2. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.
3. Venue is proper in this District under 28 U.S.C. §1391 because the unlawful employment practicesoccurred in the Northern District of Ohio.
4. Plaintiff exhausted all administrative remedies and received a Notice of Right to Sue from the EqualEmployment Opportunity Commission (EEOC), Cleveland Area Office. This Complaint is timely. **II. PARTIES**

5. Plaintiff DaVaughn D. Reid, Sr. is an African American male and resident of the State of Ohio.
6. Defendant Nor-Am Cold Storage, Inc. is an Ohio-based employer subject to Title VII, employingmore than fifteen employees during the relevant period.

## III. FACTUAL ALLEGATIONS

7.    Plaintiff was employed by Defendant and performed his job duties in a satisfactory and professiona lmanner.
8.    Beginning in or around July 2025, Plaintiff was subjected to repeated racial slurs and racially hostile conduct by coworkers and management, including but not limited to derogatory racial language.
9.    On July 26, 2025, at approximately 3:27 p.m., Plaintiff was subjected to a racial slur by a coworkeridentified as Asia Kruze.

10.     On September 6, 2025, between approximately 8:00 a.m. and 8:36 a.m., Plaintiff was subjected toadditional racial slurs in the workplace.

11.     On or about August 8, 2025, Plaintiff experienced a hostile and discriminatory interaction during avideo-based workplace meeting involving management personnel.

12.     Plaintiff promptly reported the racial harassment and discrimination to management on July 27,2025, and thereafter, engaging in protected activity under Title VII.

13.     Defendant knew or should have known of the discriminatory conduct and failed to take prompt andeffective remedial action.

14.     Instead, Defendant subjected Plaintiff to adverse employment actions, including withholding wagesand earned production bonuses, without lawful justification or notice.

15.     Management personnel, including Jeff Branthoofer and Taylor Novak, informed Plaintiff that his payhad been withheld, further evidencing retaliatory intent.

16.     Defendant's Human Resources department knowingly provided false and misleading information tothe Ohio Department of Job and Family Services, delaying Plaintiff's unemployment benefits.

17.     On or about September 16, 2025, Defendant terminated Plaintiff's employment because of his raceand in retaliation for opposing unlawful employment practices.

18.     Defendant's actions were intentional, willful, malicious, and demonstrated reckless indifference toPlaintiff's federally protected rights.

19.     09-08-2025 Plaintiff seeks Relief from abuser employer by form of EEOC, following egregious racial discriminatory events from NOR-AM Cold storage inc.

20.     Compensatory damages for lose of vehicle occurred while employed the first 9 days of employment 05-29-2025.

## IV. CLAIMS FOR RELIEF

### Count I – Race Discrimination (Title VII & 42 U.S.C. §1981)
21.Defendant discriminated against Plaintiff on the basis of race with respect to the terms, conditions,and privileges of employment, including termination.

### Count II – Hostile Work Environment (Title VII)
22.Plaintiff was subjected to severe and pervasive racial harassment that altered the conditions ofemployment and created an abusive working environment.

### Count III – Retaliation (Title VII)
23.Defendant retaliated against Plaintiff for engaging in protected activity by withholding wages andterminating his employment.

### Count IV – Unlawful Wage Withholding
24.Defendant unlawfully withheld earned wages and bonuses in violation of federal and state law.

## V. DAMAGES

25.Plaintiff suffered emotional distress, humiliation, reputational harm, and financial losses, including lost wages and benefits of joy of life, actual damages, intentional withholding of pay for 4

months, falsifying documents, time sheets, false mutualization with unemployment, egregious racial discrimination.

26. Defendant's conduct warrants an award of compensatory and punitive damages to deter future misconduct.

27. Plaintiff seeks damages in the amount of $300,000.

## VI. JURY DEMAND

28. Plaintiff demands a trial by jury on all claims so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant for compensatory and punitive damages, costs, interest, and all other relief deemed just and proper.

Respectfully submitted,

DaVaughn D. Reid, Sr.
Plaintiff, Pro Se